Joseph Kelly, Pro Se
anecdonuts@gmail.com
478-461-5529
391 Dead Oak Road
Senoia, GA 30276

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**FILED**
Aug 25 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ dmartinez    DEPUTY

Joseph Kelly
    Plaintiff,

vs.

1. County of Riverside,
2. California Riverside County District Attorney's Office,
3. District Attorney Mike Hestrin,
4. Deputy DA John Doe
5. Riverside County Sheriff's Office,
6. Sheriff Chad Bianco,
7. Deputy Sheriff Doe and
8. Sheriff's Investigator Robert Cornett.
    Defendants.

**'23CV1565 JO    AHG**

COMPLAINT FOR DAMAGES:
42 U.S.C. Section 1983; Deprivation of property rights under color of law, without due process. False Statements, Fabrication of and destruction of evidence, Aiding and Abetting
Violation of the Fourth Amendment
Violation of the Fifth Amendment
Violation of Fourteenth Amendment
Violation of Ca Civil Code 52.1
Violation of FOIA

(DEMAND FOR JURY TRIAL)

### PRO SE PLEADING STANDARD

"The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original); see also <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam); <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam); <u>Woods v. Carey</u>, 525 F.3d 886, 889–90 (9th Cir. 2008); <u>Johnson v. California</u>, 207 F.3d 650, 653 (9th Cir. 2000) (per curiam); <u>Frost v. Symington</u>, 197 F.3d 348, 352 (9th Cir. 1999).

## NATURE OF LAWSUIT

The plaintiff brings his claims under the federal statute, 42 U.S.C. § 1983, which provides[1] that any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

These constitutional claims are asserted under 42 U.S.C. § 1983 for actions taken *"under color of state law"*[2] and claims[3] are asserted[4], for actions taken under color of federal law.

Plaintiff in this Complaint alleges facts to state a claim to relief that is plausible on its face.[5]

Plaintiff also alleges denial of documents under FOIA.

## PARTIES

1. Plaintiff is resident of the State of Georgia.
2. All defendants are residents of the State of California.
3. 42 U.S.C. 1983 claims are alleged against following individuals and local governing bodies:

| County of Riverside, | Supervisory Defendant [Against Local Governing Body]; Based on Official Policy, Practice, or Custom; |

---

[1] *Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law"*

[2] *A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"* **West v. Atkins**, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941))

[3] *To state a claim for relief under 42 U.S.C. § 1983, a plaintiff alleges that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.* **Richardson v. Johnson**, 598 F.3d 734, 737 (11th Cir. 2010).

[4] under **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**, 403 U.S. 388 (1971)

[5] *"contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."* **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009.)

|  | Based on Act of Final Policymaker; Based on Ratification; Based on Policy that Fails to Prevent Violations of Law or Policy of Failure to Train; |
|---|---|
| California Riverside County District Attorney's Office, | Supervisory Defendant [Against Local Governing Body]; Based on Official Policy, Practice, or Custom; Based on Act of Final Policymaker; Based on Ratification; Based on Policy that Fails to Prevent Violations of Law or Policy of Failure to Train; |
| District Attorney Mike Hestrin, | Individual Capacity; Supervisory Defendant in Individual Capacity; |
| Riverside County Sheriff's Department, | Supervisory Defendant in Individual Capacity; Based on Official Policy, Practice, or Custom; Based on Act of Final Policymaker; Based on Ratification; Based on Policy that Fails to Prevent Violations of Law or Policy of Failure to Train; |
| Sheriff Chad Bianco, | Individual Capacity; Supervisory Defendant in Individual Capacity; |
| Deputy Sheriff Doe | Individual Capacity; Supervisory Defendant in Individual Capacity; |
| Sheriff's Robert Cornett. | Individual Capacity; |
|  |  |

4. Defendant Riverside County Office of the Sheriff is a legal entity that exists and is empowered by the County of Riverside, a legal subdivision of the State of California, with its own chartered, government powers including the power to elect a Riverside County Sheriff and manage and operate a division or department within the County of Riverside known as the Riverside County Office of the Sheriff, a legal entity that employs, manages and supervises duties and actions of deputy sheriffs, who are law enforcement officers.

5. Defendants Deputies Doe and Cornett of the Sheriff's Department as deputy sheriffs and are law enforcement officers. Sheriffs' Deputy are and were all relevant times, employees

of Riverside County working in the Riverside County and the Riverside Office of the Sheriff are hereafter referred to collectively as "Defendants Riverside Sheriffs".

6. Defendant Riverside County Sheriff's Office (the "RCSO" or "Sheriff's Office") is a public entity and law enforcement agency operating in Riverside County, California. Defendant RCSO has a clear and present duty to follow California and United States law. See, e.g., California Const. Art. III § 3.5. Defendant RCSO is sued both in its own capacity pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and on the basis of respondeat superior under California Government Code Section 815.2 ("Cal. Gov. Code § 815.2").

7. Defendant County of Riverside (the "County" or "Riverside County") is a public entity and political subdivision duly organized and existing under the laws of the State of California. The County has a clear and present duty to follow California and United States law. See, e.g., Cal. Const. Art. III § 3.5. Upon information and belief, the County, through its Board of Supervisors, oversees the Riverside County Sheriff's Office. The County is sued both in its own capacity pursuant to Monell, 436 U.S. 658, and Shaw v. State of California Dept. of Alcoholic Beverage Control, 788 F.2d 600 (9th Cir. 1986), and on the basis of respondeat superior under Cal. Gov. Code § 815.2.

8. Upon information and belief, RCSO and the County have a policy, practice, pattern, and/or custom of unlawfully permitting the destruction of evidence in violation of the U.S. Constitution and California law. This policy, practice, pattern, and/or custom is carried out with municipal funds and directly causally related to the constitutional deprivations that Plaintiffs suffered by the unlawful actions of RCSO deputies.

9. Upon information and belief, RCSO and the County have a policy, practice, pattern, and/or custom of unlawfully permitting and overlooking tendencies and practices by their deputies of destroying evidence in violation of the U.S. Constitution and California law. This policy, practice, pattern, and/or custom is carried out with municipal funds and directly causally related to the constitutional deprivations that Plaintiffs suffered by the unlawful actions of RCSO deputies.

10. Plaintiffs are informed and believe, and thereon allege, that all Defendants are responsible in some other manner for the occurrences alleged in this Complaint and that Plaintiffs' damages were legally caused by the conduct of these Defendants.

11. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned within this Complaint, all Defendants, were agents of each other and in doing the things alleged herein were acting within the course and scope of said agency, and that each Defendant has ratified arid approved the acts of its agents.

12. In doing the acts alleged herein, Defendants Sheriffs Deputies, and each of them, acted within the course and scope of their employment for Riverside County and the Riverside County Sheriff's Department In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13. Each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or violation of constitutional rights, violation of public policy or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any

other act or omission. Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

14. Under Monell, a local governing body can be sued directly under 42 U.S.C. § 1983 when a constitutional violation "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. at 690. This includes liability for customs which "ha[ve] not received formal approval through the body's official decision-making channels." Id.

15. Status of **"*County, Sheriff and Office of District Attorney*"** is person under § 1983 :

    a. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *see also Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Edgerly v. City & Cty. of San Francisco*, 599 F.3d 946, 960 (9th Cir. 2010); *Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 713 (9th Cir. 2010); *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Cortez v. Cty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002); *Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002) (per curiam); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).
    b. *Counties are also persons for purposes of § 1983. See Jackson v. Barnes, 749 F.3d 755, 764 (9th Cir. 2014) ("[W]hen a **California sheriff's department** performs the function of conducting criminal investigations, it is a county actor subject to suit under § 1983"); Miranda v. Clark Cty., Nev., 319 F.3d 465, 469 (9th Cir. 2003) (en banc); see also Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1066 n.2 (9th Cir. 2016) (en banc) (rejecting the County's claim that the Eleventh Amendment barred the suit), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831, (2017). Municipal government officials are also persons for purposes of § 1983. See Monell, 436 U.S. at 691 n.55.*
    c. *"A county is subject to Section 1983 liability 'King v. Cty. of Los Angeles, 885 F.3d 548, 558 (9th Cir. 2018) (quoting Streit v. County of Los Angeles, 236 F.3d 552, 559 (9th Cir. 2001)); Rivera v. Cty. of Los Angeles, 745 F.3d 384, 389 (9th Cir. 2014) ( Monell, 436 U.S. at 690)).*

16. Status of **"*Individuals*"** sued in Personal Capacity is person under § 1983 :

    a. *State officials sued in their personal capacity are persons for purposes of § 1983. See Hafer v. Melo, 502 U.S. 21, 31 (1991); Mitchell v. Washington, 818 F.3d 436, 442 (9th Cir. 2016) (explaining the Eleventh Amendment does not bar claims for damages against state officials in their personal capacities); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003); DeNieva v. Reyes, 966 F.2d 480, 483 (9th Cir. 1992).*
    b. *"Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). Liability in a personal-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. See id. at 166. The official in a personal-capacity suit may, depending upon the facts, be able to establish immunity from claims for damages. See id. at 166–67.*

## JURISDICTION AND VENUE

17. This action arises under 42 U.S.C. Section 1983. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C: Section 1331 in that the claims alleged herein arises under the laws of the United States.

18. This Court has jurisdiction over the claims alleged in this Complaint under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights), as well as Article III of the U.S. Constitution. Supplemental jurisdiction over state law claims is proper under 28 U.S.C. § 1367 because all claims arise from a common nucleus of operative facts that are so intertwined that they cannot be reasonably separated.

19. This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 to hear and determine Plaintiff's state law claims because the state law claims are related to Plaintiffs' federal law claims and arises out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

20. Venue is proper in this Court under 28 U.S.C. § 1391(b) as all offenses by Defendants occurred in California where all defendants currently do business, under this District Court.

21. Defendants are resident of California.

22. Claims are alleged under federal diversity jurisdiction.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

23. Plaintiffs' property "phones" *[which contained evidence and intellectual property]* (1) were not returned to Plaintiff by Defendants and (2) were destroyed by Defendants.

24. Phone contained evidence of recordings between (1) Investigator Cornett and Plaintiff, (2) Plaintiff and the complaining witness in his criminal case (3) Plaintiff and two other

deputies [who misrepresented Plaintiffs' statements to them in their incident reports] which led to Plaintiffs' arrest.

25. Upon information and belief, in May of 2021 Investigator Robert Cornett had a conversation with deputy DDA Doe and conspired to destroy evidence of Sheriff's Office misconduct.

26. Upon information and belief, District attorney's office contacted the investigator on the day, or within a few days prior, that the investigator destroyed the phones and that the district attorney's office shares Culpability.

27. Upon information and belief, on May 29th, 2021, Cornett submitted an unlawful order, initiating a process to destroy Plaintiffs personal property and evidence of criminal misconduct by the Riverside County Sheriff's Department.

28. Upon information and belief, on May 29th, 2021, Cornett and Deputy Sheriff Doe conspired with Deputy Sheriff Doe to "backdate" the order to destroy Plaintiffs personal property so that it would appear to have been submitted in April of 2021 instead of May.

29. Upon information and belief, beginning on July 27th, 2021, Sheriff Chad Bianco and his subordinates engaged in actions attempting to cover up the misconduct of Investigator Cornett and Deputy Sheriff Doe.

30. These unlawful acts deprived the Plaintiff of his property phones, evidence, and intellectual property contained therein, without the Due Process of Law.

31. A Letter of Intent to sue was filed with the Board of Supervisors with complaint and claim. The Board of Supervisors acknowledged receipt.

32. As a claim for damages was filed in time, the county acknowledged its fault and offered to reimburse plaintiff for the value of the destroyed property. However, defendants did not offer damages for the civil rights violations.

33. Investigator Cornett admitted that he destroyed phones [and evidence] and stated that it's a "mistake" and "an accident."

34. Even though Investigator Cornett is a 30 Year veteran of Law enforcement, he destroyed the phones on the day of Plaintiff's preliminary hearing in which Cornett was a principal witness to the content of the phones.

35. A superior court Judge ordered the return of Plaintiffs' phones on or about July 12th 2021.

36. Plaintiff took the judge's order to the sheriff's office on or about July 16th 2021 to retrieve his phones and it was then that he discovered that Phones had been destroyed 3 weeks earlier while Plaintiff was in custody awaiting trial.

37. It is matter of record that; the district attorney dropped the charges relating to the content of the phones.

38. Plaintiff also demanded all documents under FOIA/CPRA on or about July 27th 2021 from the sheriff's department, who denied access, to all documents, by rejecting Plaintiffs' request, for public information, and stated that *"the public interest is better served by denying the documents than providing them to Plaintiff."* The defendant agency also claimed that they were not obligated to provide the documents to Plaintiff because he was the "suspect" in a case that had previously been adjudicated. The defendant agency maintains the burden of proof to justify its decision to withhold any information.

39. Plaintiff has email correspondence with Gerald Saputra, the claims adjuster for the County of Riverside in which he acknowledges the county's fault and is negotiating compensation to the Plaintiff for the destruction of his personal property and violation of his rights.

40. Plaintiff had telephonic recordings with Gerald Saputra, the claims adjuster for the County of Riverside in which he acknowledges the county's fault and offers to compensate the plaintiff for the value of the phones but refuses to offer compensation for the California and US Constitutional law violations of the Plaintiffs rights.

41. On or about March 25th 2022, negotiations in the Claim for Damages broke down between the Plaintiff and Gerald Saputra.

42. On or about March 30th 2022, Plaintiff notified the Defendants via email and US Mail of his intent to file suit.

43. Plaintiff has audio recording from a telephone call initiated by defendant Investigator Cornett on November 11, 2021 with Detective Cornett admitting his "mistake" and apologizing for it.

44. On or about April 21st, 2022 Plaintiff began a dialogue with Sheriff Chad Bianco via text messages.

45. Plaintiff has text messages conversation with Sheriff Chad Bianco in which he acknowledges Investigator Robert Cornett violated the Plaintiffs constitutional rights and admits that his employee "made a mistake" and assured the plaintiff that Cornett would be punished or reprimanded for violating Sheriff's policies and procedures.

46. The Internal affairs division of the Riverside County Sheriff's department responded to the plaintiffs' claims that Robert Cornett destroyed his phones as "unfounded" despite Cornett admitting to it and Sheriff Bianco and the county Claims adjuster both acknowledging it.

47. The Riverside County Sheriff's Departments procedures regarding custody of evidence is as follows:

   a. Deputy takes custody,

   b. Deputy logs the evidence in the evidence room

   c. Periodically thereafter the computer will send the deputy a "Tickler" via email.

   d. The deputy uses that tickler to be reminded to check the status of the case.

   e. The deputy checks the disposition of the case

       a) If the case is still pending, then the Deputy renews the Evidence and is prompted by a new tickler in a couple of months

       b) If the case has been disposed of, he checks to see if there is a judicial order regarding the evidence and then he does what is ordered.

       c) If the case has been disposed of by the courts and there is no order regarding the evidence, then the deputy signs the "tickler" and submits the evidence for destruction.

48. Plaintiff was allowed to view the "tickler" but was denied a copy by Sgt. Pittinger the CPRA officer with RCSD. When Plaintiff spoke to Retired Captain Morin, Robert Cornetts commander at the time, he said that Cornett violated every RCD policy re: handling of evidence and an internal investigation should have resulted in a disciplinary action against Cornett for a loss of at least 24 hours of pay.

49. Cornett is a 30 year officer; and knows the proper way to "dispose" of evidence. He ignored the phones for more than eight years and only had an interest in destroying them on the day he was due in court at Plaintiffs' preliminary hearing to testify to the content of the phones.

The DDA was also absent from the courtroom that day and a 1050PC was requested by the state and granted against Plaintiffs' objection.

50. Upon information and belief, all actions were taken by Defendants under color of law.[6]

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
## 42 U.S.C. §1983 -DEPRIVATION OF PROPERTY RIGHTS WITHOUT DUE PROCESS

51. Plaintiff incorporates by reference and re-alleges herein all above paragraphs of this complaint.

52. In doing the acts complained of, Defendants individually and/or while acting in concert with one another, did intentionally act under color of state law, or apparent color of law, to deprive Plaintiff, of certain constitutionally protected rights, including, but not limited to, no deprivation of property without due process, that property being his phones, and that due process being the protections afforded by the 14th Amendment of the United States Constitution and California law, including but not limited to California Code of Civil Procedure, section 1161, thereby subjecting themselves to suit under 42 USC 1983 because such deprivation of property rights was done under color of law, or apparent color of law, by uniformed deputies of the Office of the Sheriff of Riverside County and under the pretext that they were collecting evidence. As a result, Plaintiff suffered economic and non-economic damages, all according to proof.

53. Plaintiff is informed and believes and thereon alleges that the conduct of all Defendants, as alleged herein, was intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the Plaintiff. As a result, Plaintiff is entitled to an award

---

[6] *Generally, employees of the state are acting under color of state law when acting in their official capacity. See* West v. Atkins, 487 U.S. 42, 49 (1988); Anderson v. Warner, 451 F.3d 1063, 1068 (9th Cir. 2006); McDade v. West, 223 F.3d 1135, 1140 (9th Cir. 2000); Vang v. Xiong, 944 F.2d 476, 479 (9th Cir. 1991).

of punitive and exemplary damages against Defendants Riverside Sheriffs and each of them, in amounts to be determined according to proof.

54. Plaintiff is entitled to an award of attorney's fees under 42 USC section 1983

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

## SECOND CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1
### All Defendants

55. Plaintiff incorporates by reference and re-alleges herein all above paragraphs of this complaint.

56. By the foregoing acts, Defendants Riverside Sheriffs and the Riverside County Office of the Sheriff, interfered or attempted to interfere, by means of intimidation or coercion, with Plaintiff's enjoyment of rights secured by the United States Constitution', including the 14th Amendment and California Code of Civil Procedure, section 1161, which acts were also, and alternatively, undertaken pursuant to an agreement or conspiracy to commit the wrongful acts of depriving Plaintiff's aforementioned Constitutional rights, and did act in concert to, according to a mutual understanding, to deprive Plaintiff of his aforementioned rights; and one or more of the Defendants did, in fact, and in furtherance of the conspiracy among them, deprive Plaintiff of his rights causing his injury and damages.

57. As a proximate result of the wrongful acts of Defendants Riverside Sheriffs and the Riverside County Office of the Sheriff, Plaintiff suffered economic and non-economic damages in an amount to be proven at trial.

58. The acts of Defendants were willful. wanton, malicious and oppressive and were done in reckless disregard of Plaintiffs rights and justify an award of punitive damages.

59. Pursuant to California Code of Civil Procedure, section 52.1, Plaintiff is entitled to an award of attorney's fees

60. Plaintiff timely filed a Government Claim with the County of Riverside, pursuant to Government Code section 910 prior to filing this lawsuit.

**THIRD CLAIM FOR RELIEF**
**FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS TO THE U.S.**
**CONSTITUTION. VIOLATION OF 42 U.S.C. § 1983**
**(FALSE STATEMENTS AND FABRICATION / DESTRUCTION OF EVIDENCE)**
**(AIDING AND ABETTING)**
**(Against All Defendants)**

61. "Plaintiff" brings this claim for relief against all Defendants, who aided one another in the acts alleged in this claim, and realleges and incorporates by reference in this claim each allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

62. "[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001).

63. As described in detail above in Facts, Defendants, acting under color of state law, intentionally deprived Plaintiffs of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth, Fifth, and Fourteenth Amendments, by destroying Plaintiffs' phones and submitting false evidence to conceal their own unlawful acts. Defendants [County, Sheriff, District Attorney] failed to perform their duty to appropriately supervise the Defendant Deputies, and rather aided/abetted them in covering up the violations, knowingly approving their falsified reports for submission to the District Attorney's Office to recommend prosecution against Plaintiff in order to shield Defendants Sheriffs from liability.

64. As a direct result of Defendants' acts, Plaintiff was injured as set forth above.

65. Individual defendants are personally liable under 42 U.S.C. § 1983 and not immune based on the doctrine of qualified immunity.

66. The County and RCSO are liable pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), because RCSO has a policy, practice, pattern, and/or custom of unlawfully condoning, permitting, and not sufficiently addressing its law enforcement officers' violation of the Fourth and Fourteenth Amendments. This policy, practice, pattern, and/or custom is carried out with municipal funds and directly causally related to the deprivations of Plaintiffs' Fourth and Fourteenth Amendment rights by Defendants.

67. The County and the RCSO are separately vicariously liable under state law, because their employees, acting within the course and scope of their duties, are liable for this federal constitutional violation. Cal. Gov. Code § 815.2.

## STATEMENT OF DAMAGES

68. Plaintiffs incorporate by reference and re-allege herein above paragraphs of this Complaint.

69. As a result of the acts and/or omissions of Defendants, and each of them, as allege herein, Plaintiffs and/or each of them suffered damages, including, but not limited to:

   a. General damages, including, but not limited to, past, present and future damages for pain suffering, emotional distress and/or loss of liberty in amounts to be determined according to proof;

   b. Plaintiff is informed and believe and thereon allege that the acts and/or omissions the individual Defendants and/or each of them, as alleged herein were intentional, malicious oppressive and/or done with a conscious or reckless disregard for the rights of the Plaintiffs

    c. Accordingly, Plaintiffs pray for an award of punitive and exemplary damages in amounts to be determined according to proof.

    d. Plaintiffs will also be entitled to an award of attorneys' fees and costs pursuant to statute(s) in the event that they are prevailing parties in this action

## COMPLIANCE WITH GOVERNMENT TORT CLAIM REQUIREMENT

70. Prior to commencing this litigation, Plaintiffs presented a timely Tort Claims to the County of Riverside pursuant to the California Tort Claims Act.

## JURY TRIAL DEMAND

71. Plaintiff hereby demands a trial by jury on all triable issues.

## PRAYER FOR RELIEF

72. WHEREFORE, on the basis of the foregoing claims, Plaintiffs pray that the Court grant judgment against Defendants as follows:

    a. General and compensatory damages for pain and suffering, emotional distress and loss of enjoyment of life in the amount according to proof.

    b. Special damages according to proof;

    c. Injunctive relief;

    d. Costs, restitution, and multiple damages according to proof;

    e. Punitive and exemplary damages according to proof;

    f. Any and all applicable statutory and civil penalties;

    g. Pre- and post-judgment interest on any amounts awarded;

    h. An award of attorneys' fees and costs, including expert costs;

      i. Leave to amend this Complaint to conform to the evidence produced in discovery and at trial; and

      j. Such other and further relief as the Court deems just and proper.

Dated: June 26, 2023

By

Joseph Kelly, ProSe